The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 Washington County currently collects a one mill library tax. At present, there are no cities with a population of 5,000 or more in Washington County that have a city library millage. If a city in Washington County that has a population of 5,000 or more approves a city library millage, will the Washington County one mill library tax continue to be levied on real and personal property within the city limits of that city?
It is my opinion that the answer to your question is "no," unless the one mill Washington County levy is pledged to retire bonds issued for capital improvements or construction under Amendment 38, Section 5 and A.C.A. § 14-142-216 (Cum. Supp. 1993.)
The question is controlled generally by Section 2 of Amendment 38
to the Arkansas Constitution.[1] This is the constitutional amendment which governs the levy of millages to support county libraries. It provides that if the voters approve a county library tax "then it shall thereafter be continually levied and collected as other general taxes of such county are levied and collected; provided, however, that such tax shall not be leviedagainst any real or personal property which is taxed for themaintenance of a city library, pursuant to the provisions ofAmendment No. 30. . . ." (Emphasis added).
It is my opinion that this provision would require the county to cease levy of a library maintenance tax against property which becomes subject to a city library millage.[2] Although the language of the provision can be interpreted to address the situation where a city library millage is in effect prior to a county library millage, it is my opinion that the reference to the county library millage "thereafter" being "continually" levied, except on property subject to a city library millage, envisions also that where a county has a millage in place first, and a city thereafter enacts a library millage, the county tax is suspended on property which is subject to the city library millage.
The result is different, however, as to county millages levied under the authority of Amendment 38, § 5, (as added by Amendment 72) to retire bonds . This section authorizes the levy of up to three mills for capital improvements to or construction of a public county library, service or system. It also authorizes the issuance of bonds which may be supported by the tax. This section also provides that "[n]otwithstanding any other provision of this amendment, a tax approved by the voters for the purpose of paying the bonded indebtedness shall not be reduced or diminished . . . so long as the bonded indebtedness shall remain outstanding and unpaid." Additionally, A.C.A. § 14-142-218(f) (Cum. Supp. 1993) states that ". . . no tax levied by a county for the purposes of paying bonded indebtedness authorized pursuant to this subchapter shall ever be diminished or reduced while such bonds are outstanding if a municipality within the county approves such a maintenance tax after the date on which the voters of a county approve a tax for the purpose of paying bonded indebtedness authorized pursuant to this subchapter." This language may be interpreted as prohibiting the cessation of a county construction or capital improvement levy against property located in the city limits of a city enacting a new library millage. Such a cessation would have the effect of "reducing" or "diminishing" the tax, which the electorate and the General Assembly clearly intended to remain inviolate while bonds are outstanding.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Although Amendment 72 to the Arkansas Constitution amended both Amendments 30 and 38, Section 2 of Amendment 38 was left unaffected thereby.
[2] An argument might be made that the county tax would not be suspended in the event the city enacts a millage only under Amendment 30, § 5 to support capital improvements or construction. The relevant proviso in Amendment 38, (which was left unamended by Amendment 72), says the county millage shall not be levied "against any real or personal property which is taxed for the maintenance of a city library. . . ." (Emphasis added). The proviso doesn't say anything about taxation forconstruction of a city library. This is not surprising because, of course, at the time of the adoption of the proviso, cities were not authorized to levy a separate millage for the construction of libraries. In any event, in my opinion, the original intent of Amendment 38 on this point was to prohibit taxation for county and city libraries on the same property. This intent would not be effectuated if the argument above were given merit.